**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SILA NANOTECHNOLOGIES, INC. AND GEORGIA TECH RESEARCH CORPORATION, <br><br> PLAINTIFFS, <br><br> v. <br><br> CARBON ONE NEW ENERGY GROUP CO., LTD., CARBON ONE NEW ENERGY (HANGZHOU) CO., LTD., AND ZHEJIANG LICHEN NEW MATERIAL TECHNOLOGY CO., LTD., <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § | Civil Action No. 2:26-cv-491 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Sila Nanotechnologies, Inc. ("Sila") and Georgia Tech Research Corporation ("GTRC") (collectively, "Plaintiffs") file this Complaint for patent infringement against Defendants Carbon ONE New Energy Group Co., Ltd. ("Carbon One"), Carbon One New Energy (Hangzhou) Co., Ltd., and Zhejiang Lichen New Material Technology Co., Ltd. (collectively, "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs bring this action to cease Defendants' unlawful and infringing activities relating to the manufacture, marketing, promotion, use, importation, offers for sale, and sales of silicon-carbon anode materials for use in battery cells and batteries, including at least their Carbon One CI-SC(1800) and CI-SC(2000) silicon-carbon anode products, and all reasonably similar products (collectively, the "Accused Products"), which infringe Plaintiffs' United States Patent

Nos. 11,515,528 ("the '528 Patent"), 11,715,825 ("the '825 Patent"), 11,374,215 ("the '215 Patent"), and 11,942,624 ("the '624 Patent") (collectively, the "Asserted Patents").

### PARTIES

2.      Sila is a private company incorporated in the State of Delaware with a principal place of business at 2470 Mariner Square Loop, Alameda, CA 94501.

3.      Founded in 2011, Sila is a next-generation battery materials company whose mission is to power the world's transition to clean energy.  Sila has developed an improved anode material composed of silicon carbon that is marketed under the Titan Silicon® brand name.  Among their many benefits, Sila's Titan Silicon® products offer faster charging, extended battery life, and reduced battery size.  Titan Silicon® is a silicon-carbon anode material used in metal-ion batteries, most prominently lithium-ion batteries, for application in diverse markets including automotive and consumer device batteries.

4.      Since 2021, Sila has been producing and shipping its Titan Silicon® products to the commercial market.   Sila has made significant and substantial domestic investments in researching, developing, and manufacturing its Titan Silicon® products, including at its facilities in Alameda, California and Moses Lake, Washington, which together encompass approximately 723,000 square feet dedicated to the design, production, engineering, research and development, testing, sales, marketing, and distribution of Sila's products.

5.      Sila has invested in intellectual property to protect its innovative Titan Silicon® products.  This includes the Asserted Patents, which claim inventions that cover and are embodied by Sila's Titan Silicon® products.

6.      Sila has received industry praise and recognition for its investments and the inventions claimed in the Asserted Patents, including its significant investments in domestic manufacturing and research and design.  *See, e.g.,* Gene Berdichevsky, *I Helped Design the*

*Original Tesla Battery. Here's How America Can Win the Battery Arms Race with China*, Fortune (May 14, 2026), https://fortune.com/2026/05/14/silicon-anode-battery-supply-chain-china-graphite-tesla-gene-berdichevsky/; Sila Nanotechnologies: 2021 CNBC Disruptor 50, CNBC (May 25, 2021), https://www.cnbc.com/2021/05/25/sila-nanotechnologies-disruptor-50.html. Moreover, the U.S. Department of Energy awarded a $100 Million grant to Sila to scale its domestic manufacturing of its next-generation anode materials. *U.S. Department of Energy Awards Sila $100 Million to Scale Manufacturing of Its Next-generation Anode Materials*, Sila (Oct. 19, 2022), https://www.silanano.com/press/press-releases/u-s-department-of-energy-awards-sila-100-million-to-scale-manufacturing-of-its-next-generation-anode-materials.

7.      Plaintiff GTRC is a Georgia company organized under the Georgia Nonprofit Corporation Code and has a principal place of business at 926 Dalney Street NW, Atlanta, GA 30332.

8.      GTRC was founded in 1937 and is the contracting entity for all sponsored activities for colleges and other units at Georgia Institute of Technology that are not part of the Georgia Tech Research Institute. The objective of GTRC is to "stimulate industrial development, to promote the fullest utilization of natural resources, and to foster research invention and discovery so as to provide a constantly improving technique in that behalf." *See History*, Ga. Tech Rsch. Corp., https://gtrc.gatech.edu/gtrc/history-2/ (last visited June 11, 2026). Since 1946, GTRC has served as a university-connected research foundation, one of approximately 100 such entities located at state universities throughout the country.

9.      On information and belief, Carbon One is a Chinese company with its principal place of business at EN21-1 Block, Jiangshan Economic Development Zone (Lianhuashan Industrial Park), Jiangshan City, Quzhou City, Zhejiang Province, China, 324100. Carbon One

imports into the United States the Accused Products and sells and offers for sale the Accused Products in the United States.

10.     On information and belief, Carbon One New Energy (Hangzhou) Co., Ltd., is a Chinese company with its principal place of business at 10th Floor, Building 2, No. 980, Anting Street, Wuchang Subdistrict, Yuhang District, Hangzhou City, Zhejiang Province, China 310023.

11.     On information and belief, Carbon One New Energy (Hangzhou) Co., Ltd. is a subsidiary of Carbon One that conducts research and development relating to anode materials, including the Accused Products, in order to have those products manufactured abroad by Carbon One entities and then imported into the United States, for sale to consumers in the United States.

12.     On information and belief, Zhejiang Lichen New Material Technology Co., Ltd. is a Chinese company with its principal place of business at Room 236, Building 12, Zhejiang Changxing National University Science and Technology Park, No. 669 Gaotie Road, Huzhou, Zhejiang Province, China, 313199.

13.     On information and belief, Zhejiang Lichen New Material Technology Co., Ltd. is an affiliate and/or subsidiary of Carbon One and manufactures silicon-carbon anode materials, including the Accused Products, for importation into the United States by Carbon One.

## JURISDICTION AND VENUE

14.     Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

15.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over each of the Defendants pursuant to due process and the Texas Long Arm Statute because each Defendant has, directly and through intermediaries, distributors, agents, its subsidiaries, or others, committed and continue to commit

acts of patent infringement in this District, the state of Texas, and elsewhere in the United States, including using, offering to sell, or selling Accused Products, and inducing others to infringe, in this District, the state of Texas, and elsewhere in the United States.  This Court also has personal jurisdiction over each of the Defendants because they have placed, and continue to place, the infringing Accused Products into the stream of commerce, and have induced, and continue to induce infringement, in this District, the state of Texas, and elsewhere in the United States.  Upon information and belief, the Defendants know, are aware of, and by placing the Accused Products into the stream of commerce, intend that such products will be used, offered for sale, and sold within the United States, the State of Texas, and this District.

17.     On information and belief, Defendants are related entities who collectively manufacture, advertise, and market the Accused Products, including the CI-SC(1800) and CI-SC(2000) silicon-carbon anode products, to be sold and offered for sale in the United States and to be used by customers in the United States, including in Texas and this District.

18.     According to its website, Carbon One utilizes a "global production network" with a "fully vertically integrated industry chain".  *See* Ex. 1.  On information and belief, all three named Defendants are a part of Carbon One's "vertically integrated industry chain" and facilitate the Accused Products' infringement of the Asserted Patents.  Defendants individually, collectively, and/or through third-parties working on their behalf, are engaged in the design, manufacture, use, sale for importation, importation, offer for sale, and/or sale within the United States of the Accused Products that directly infringe (or that are manufactured by processes that directly infringe) the Asserted Patents.



*Id*.

19.     With respect to Carbon One, on information and belief, Carbon One has imported the Accused Products into the United States for use in batteries in the United States.  For example, a representative of Sila in Alameda, California, placed a purchase order for commercially available samples of the Carbon One CI-SC(1800) and CI-SC(2000) silicon-carbon anode products through a distributor in China, and then received samples of the Carbon One CI-SC(1800) and CI-SC(2000) silicon-carbon anode products at Sila's Alameda headquarters for analysis.  *See* Exs. 2 and 3. These samples were inspected by Carbon One and approved for distribution.  *Id.*

20.     As another example, Carbon One sells for importation into the United States, imports into the United States, offers for sale, and/or sells within the United States one or more silicon-carbon composite anode materials, including, but not limited to the CI-SC(1800) and CI-SC(2000) products, to Panasonic Energy Co., Ltd., Panasonic Corporation of North America, and/or Panasonic Energy Corporation of North America (collectively, "Panasonic") for use by Panasonic in Si-C Battery Cells and Si-C Anode Batteries that are sold by Panasonic in the United States, including the Panasonic high capacity 2170-sized cylindrical-type lithium-ion battery.

21.     Publicly available import records indicate that since February 2025, Carbon One has been responsible for the importation of about 624,785 kg (gross weight) of product described

as "Silicon anode material" from "Zhejiang, China" and/or "Silicon carbon anode material" from the port of Shanghai to the port of Los Angeles, California or the port of Oakland, California.  Ex. 4.  The consignees for these shipments are Panasonic Energy Corporation of North America (PECNA), 10200 Edgerton Road, De Soto, KS 66018, Panasonic Procurement Corporation of America, 2050 W. 190th Street, Torrance, CA, or Panasonic Canada Inc., 5770 Ambler Dr, Mississauga, ON L4W 2T3, Canada.  *Id.*  On information and belief, Panasonic is using silicon-carbon anode material in the manufacture of the Panasonic high capacity 2170-sized cylindrical-type lithium-ion battery cells (e.g., NCR2270A, NCR2270B) at its factory in De Soto, Kansas, and those silicon-carbon anode materials are not being supplied by Sila, but rather by one or more other entities, including at least Carbon One.  Moreover, a related Panasonic entity (Panasonic Energy Sales Company of America) has an office in this District (3461 Plano Pkwy, The Colony, TX 75056) dedicated to "Lithium-ion batteries, Lithium primary/secondary batteries, Nickel-metal hydride batteries, Dry batteries, Development battery packs".  *See* Panasonic Energy Sales Company of America, Panasonic Energy, https://energy.panasonic.com/na/business/pecsa (last visited June 17, 2026).

22.     On information and belief, the Accused Products—including Carbon One's CI-SC(1800) and CI-SC(2000) products—are manufactured in China by Zhejiang Lichen New Material Technology Co., Ltd.

23.     Carbon One participated in a U.S. Department of Commerce investigation, relating to active anode materials, as both a direct exporter (paired with producer and co-Defendant Zhejiang Lichen New Material Technology Co., Ltd.) and as a producer.  *See* Ex. 5.  In that investigation, Carbon One submitted a Quantity and Value Questionnaire Response where it admitted that between April and September 2024 it "exported 'Silicon Carbon Materials,' a type

of anode material," and reported export prices and sales of those materials to the United States market.  Ex. 6 at Attachment 1.

24.    On information and belief, Carbon One New Energy (Hangzhou) Co., Ltd. is a subsidiary of Carbon One.  On information and belief, Carbon One New Energy (Hangzhou) Co., Ltd. performs research and development of the Accused Products that it knows and intends to be imported into the United States, to be sold and offered for sale in the United States.

25.    With respect to Defendant Zhejiang Lichen New Material Technology Co., Ltd., it produces active anode material for exportation by other entities in Defendants' "vertically integrated industry chain," including Defendant Carbon One.  *See* Ex. 5.  According to Carbon One's website, Zhejiang Lichen New Material Technology Co., Ltd. has the capacity to produce 1,000 tons/year of silicon-carbon anode product, which includes the Accused Products.



Ex. 1.

26.    On information and belief, Defendants, directly and through each other and their subsidiaries or intermediaries, have purposefully and voluntarily placed the Accused Products, including their CI-SC(1800) and CI-SC(2000) silicon-carbon anode products, into the stream of

commerce with the expectation, knowledge, understanding, and intent that those products will be offered to, purchased by, and used by customers and consumers in this District.

27.     On information and belief, Defendants' customers and consumers in the United States have been offered, purchased, and used the infringing Accused Products including the CI-SC(1800) and CI-SC(2000) silicon-carbon anode products.  Each of the Defendants has therefore committed and continues to commit acts of infringement in the State of Texas and in this District giving rise to this action; and each of the Defendants has established minimum contacts with this forum such that the exercise of jurisdiction over each such Defendant would not offend traditional notions of fair play and substantial justice.

28.     In addition, this Court also has personal jurisdiction over each Defendant under Federal Rule of Civil Procedure 4(k)(2).  On information and belief, each Defendant is not subject to jurisdiction in any state court of general jurisdiction.  This action arises from actions of each Defendant directed toward the United States, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the United States.  Therefore, each Defendant has purposefully availed itself of the benefits of the United States including this District, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

29.     Venue is proper for each Defendant in this District pursuant to at least 28 U.S.C. § 1391(c).  Each Defendant is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

**THE PATENTS-IN-SUIT**

**A.      U.S. Patent No. 11,515,528**

30.     Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

9

31.     The '528 Patent, titled "Electrodes, lithium-ion batteries, and methods of making and using same," was duly and properly issued by the United States Patent and Trademark Office on November 29, 2022 listing inventors Gleb Yushin, Oleksandr Magazynskyy, Patrick Dixon, and Benjamin Hertzberg.  The '528 Patent issued from U.S. Patent Application No. 17/692,030, which was filed on March 10, 2022.  The '528 Patent was subject to *Ex Parte* Reexamination, which was requested as No. 90/019,279 on Oct. 13, 2023.  A reexamination certificate issued on January 7, 2025 confirming the patentability of the reexamined claims.  A true and correct copy of the '528 Patent, including its reexamination certificate, is attached hereto as Exhibit 7.

32.     By way of assignment, Sila and GTRC together own all right, title, and interest in the '528 Patent, including the right to file this patent infringement action, to collect past damages, and to enforce and license the '528 Patent.  By way of an Exclusive License Agreement, Sila is the exclusive licensee of the '528 Patent with the exclusive right to enforce the '528 Patent for all relevant times against any entities infringing the '528 Patent.  Accordingly, Plaintiffs possess the exclusive right and have standing to prosecute this action for Defendants' infringement of the '528 Patent.

33.     The invention of the '528 Patent relates generally to energy storage devices, and more particularly to batteries, and to methods of making and using such devices, including novel nanoparticles comprising silicon that may be advantageously used to form the anode of batteries.

34.     Lithium-ion batteries with anodes constructed using these claimed composite particles including silicon are incorporated in various devices for which extended battery life or reduced battery size are important factors, including, e.g., EVs, grid storage, wearables, and smartphones.

35.    Sila provided notice to the Defendants of the '528 Patent no later than April 5, 2026, when Sila's VP of Business Affairs contacted Defendants to discuss the licensing of patents pertaining to Defendants' business and Sila identified a number of its potentially relevant patents, including the '528 Patent, to license to Defendants.  Defendants also knew or should have known of Plaintiffs' patent rights because Sila's issued patent portfolio is publicly available, Sila competes directly with Defendants, and on information and belief, Defendants regularly monitor patents and the prosecution of patents by their competitors.

**B.    U.S. Patent No. 11,715,825**

36.    Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

37.    The '825 Patent, titled "Electrodes, lithium-ion batteries, and methods of making and using same," was duly and properly issued by the United States Patent and Trademark Office on August 1, 2023, listing inventors Gleb Yushin, Oleksandr Magazynskyy, Patrick Dixon, and Benjamin Hertzberg.  The '825 Patent issued from U.S. Patent Application No. 17/667,427 which was filed on February 8, 2022.  The '825 Patent was subject to *Ex Parte* Reexamination which was requested as No. 90/019,286 on Oct. 16, 2023.  A reexamination certificate was issued on September 17, 2024 confirming the patentability of the reexamined claims.  A true and correct copy of the '825 Patent, including the reexamination certificate, is attached hereto as Exhibit 8.

38.    By way of assignment, Sila and GTRC together own all right, title, and interest in the '825 Patent, including the right to file this patent infringement action, to collect past damages, and to enforce and license the '825 Patent.  By way of an Exclusive License Agreement, Sila is the exclusive licensee of the '825 Patent with the exclusive right to enforce the '825 Patent for all relevant times against any entities infringing the '825 Patent.  Accordingly, Plaintiffs possess the

exclusive right and have standing to prosecute this action for Defendants' infringement of the '825 Patent.

39.    The invention of the '825 Patent relates generally to energy storage devices, and more particularly to batteries, and to methods of making and using such devices, including novel methods for producing composite particles comprising silicon nanoparticles that may be advantageously used to form the anode of batteries.

40.    Lithium-ion batteries with anodes constructed using the claimed composite particles including silicon are incorporated in various devices for which extended battery life and/or reduced battery size are important factors, including, e.g., EVs, grid storage, wearables, and smartphones.

41.    Sila provided notice to the Defendants of the '825 Patent no later than April 5, 2026, when Sila's VP of Business Affairs contacted Defendants to discuss the licensing of patents pertaining to Defendants' business and Sila identified a number of its potentially relevant patents, including the '825 Patent, to license to Defendants.  Defendants also knew or should have known of Plaintiffs' patent rights because Sila's issued patent portfolio is publicly available, Sila competes directly with Defendants, and on information and belief, Defendants regularly monitor patents and the prosecution of patents by their competitors.

**C.    U.S. Patent No. 11,374,215**

42.    Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

43.    The '215 Patent, titled "Scaffolding matrix with internal nanoparticles," was duly and properly issued by the United States Patent and Trademark Office on June 28, 2022, listing inventors Gleb Yushin, Bogdan Zdyrko, Addison Shelton, Eugene Berdichevsky, Igor Luzinov, Alexander Jacobs, Eerik Hantsoo, and George Gomes.  The '215 Patent issued from U.S. Patent

Application No. 17/667,965, which was filed on February 9, 2022.  A true and correct copy of the '215 Patent is attached hereto as Exhibit 9.

44.     Sila is the assignee of all right, title, and interest in the '215 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '215 Patent, as well as the right to license the '215 Patent. Accordingly, Sila possesses the exclusive right and has standing to prosecute this action for Defendants' infringement of the '215 Patent.

45.     The invention of the '215 Patent relates generally to energy storage devices, and more particularly to battery anode electrode compositions comprising composite particles with silicon-comprising active material and porous scaffolding matrices.  As the '215 Patent explains, the patent is directed to an improved battery anode electrode composition for use in metal-ion battery cells and batteries.  The use of such composition in battery anodes provides performance advantages over conventional graphite anodes.

46.     Lithium-ion batteries with anodes constructed using the claimed compositions are incorporated in various devices for which extended battery life and/or reduced battery size are important factors, including, e.g., EVs, grid storage, wearables, and smartphones.

47.     Sila provided notice to the Defendants of the '215 Patent no later than April 5, 2026, when Sila's VP of Business Affairs contacted Defendants to discuss the licensing of patents pertaining to Defendants' business and Sila identified a number of its potentially relevant patents, including the '215 Patent, to license to Defendants.  Defendants also knew or should have known of Sila's patent rights because Sila's issued patent portfolio is publicly available, Sila competes directly with Defendants, and on information and belief, Defendants regularly monitor patents and the prosecution of patents by their competitors.

**D.      U.S. Patent No. 11,942,624**

48.      Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

49.      The '624 Patent, titled "Scaffolding matrix with internal nanoparticles," was duly and properly issued by the United States Patent and Trademark Office on March 26, 2024, listing inventors Gleb Yushin, Bogdan Zdyrko, Addison Shelton, Eugene Berdichevsky, Igor Luzinov, Alexander Jacobs, Eerik Hantsoo, and George Gomes.  The '624 Patent issued from U.S. Patent Application No. 17/353,364, which was filed on June 21, 2021.  A true and correct copy of the '624 Patent is attached hereto as Exhibit 10.

50.      Sila is the assignee of all right, title, and interest in the '624 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '624 Patent, as well as the right to license the '624 Patent. Accordingly, Sila possesses the exclusive right and has standing to prosecute this action for Defendants' infringement of the '624 Patent.

51.      The invention of the '624 Patent relates generally to energy storage devices, and more particularly to battery electrode compositions comprising composite particles with active material and porous scaffolding matrices.

52.      Lithium-ion batteries with anodes constructed using the claimed compositions are incorporated in various devices for which extended battery life and/or reduced battery size are important factors, including, e.g., EVs, grid storage, wearables, and smartphones.

53.      Sila provided notice to the Defendants of the '624 Patent no later than April 5, 2026, when Sila's VP of Business Affairs contacted Defendants to discuss the licensing of patents pertaining to Defendants' business and Sila identified a number of its potentially relevant patents, including the '624 Patent, to license to Defendants.  Defendants also knew or should have known

of Sila's patent rights because Sila's issued patent portfolio is publicly available, Sila competes directly with Defendants, and on information and belief, Defendants regularly monitor patents and the prosecution of patents by their competitors.

## COUNT I: INFRINGEMENT OF THE '528 PATENT

54.    Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

55.    Defendants have directly infringed and are continuing to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '528 Patent by importing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271(a).

56.    Defendants have indirectly infringed and are continuing to indirectly infringe one or more claims of the '528 Patent by inducing others to infringe the '528 Patent in violation of 35 U.S.C. § 271(b).  Defendants have had knowledge of the '528 Patent at least since April 5, 2026, and no later than the filing of this Complaint.  Given Defendants' discussions with Sila and knowledge of Plaintiffs' Asserted Patents, Defendants knew or should have known, or were willfully blind to the fact that Defendants and their customers were infringing the '528 Patent since at least on or around April 5, 2026, and no later than the filing of this Complaint.

57.    On information and belief, Defendants aid, instruct, support, market, and otherwise act with specific intent to cause an end user located in the United States (including in Texas and this District) to use the Accused Products in a manner that infringes one or more claims of the '528 Patent.  Further, Defendants design and manufacture the Accused Products with the specific intent for customers in the United States, including in Texas and this District, to use the Accused Products in a manner that infringes one or more claims of the '528 Patent.

58.    An exemplary claim chart comparing claim 1 of the '528 Patent to the Carbon One CI-SC(1800) silicon-carbon anode product is attached hereto as Exhibit 11, and an exemplary chart comparing claim 1 of the '528 Patent to the Carbon One CI-SC(2000) silicon-carbon anode

15

product is attached hereto as Exhibit 12.  As shown by these claim charts, the Accused Products infringe at least claim 1 of the '528 Patent.

59.    As a direct and proximate result of Defendants' infringement of the '528 Patent, Plaintiffs have suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, in an amount to be determined at trial, recoverable under 35 U.S.C. § 284. Plaintiffs have complied with the patent marking statute, 35 U.S.C. § 287(a) by identifying the '528 Patent on its Titan Silicon® packaging.

60.    Defendants have willfully infringed, and continue to willfully infringe, the '528 Patent since at least as early as April 5, 2026.  Despite knowing that their Accused Products infringe the Asserted Patents, Defendants continued their infringing conduct deliberately, wantonly, and egregiously, and with reckless disregard for Plaintiffs' patent rights. Plaintiffs therefore seek enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

61.    Plaintiffs have been irreparably harmed by Defendants' infringement of the '528 Patent.  Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '528 Patent, Plaintiffs will continue to be irreparably harmed and have no adequate remedy at law.

## COUNT II: INFRINGEMENT OF THE '825 PATENT

62.    Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

63.    Defendants have directly infringed and are continuing to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '825 Patent by importing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271(a).

64.    Defendants have infringed and continue to infringe the '825 Patent under 35 U.S.C. § 271(g) by importing into the United States, and/or offering to sell, selling, or using within the United States, products made by a process that practices one or more claims of the '825 Patent, either literally and/or under the doctrine of equivalents.  Defendants' Accused Products are not materially changed by subsequent processes and do not constitute trivial or nonessential components of another product.

65.    Defendants have indirectly infringed and are continuing to indirectly infringe one or more claims of the '825 Patent by inducing others to infringe the '825 Patent in violation of 35 U.S.C. § 271(b).  Defendants have had knowledge of the '825 Patent at least since April 5, 2026, and no later than the filing of this Complaint.  Given Defendants' discussions with Sila and knowledge of Plaintiffs' Asserted Patents, Defendants knew or should have known, or were willfully blind to the fact that Defendants and their customers were infringing the '825 Patent since at least on or around April 5, 2026, and no later than the filing of this Complaint.

66.    On information and belief, Defendants aid, instruct, support, market, and otherwise act with specific intent to cause an end user located in the United States (including in Texas and this District) to use the Accused Products in a manner that infringes one or more claims of the '825 Patent.  Further, Defendants design and manufacture the Accused Products with the specific intent for customers in the United States, including in Texas and this District, to use the Accused Products in a manner that infringes one or more claims of the '825 Patent.

67.    An exemplary claim chart comparing claim 1 of the '825 Patent to the Carbon One CI-SC(1800) silicon-carbon anode product is attached hereto as Exhibit 13, and an exemplary chart comparing claim 1 of the '825 Patent to the Carbon One CI-SC(2000) silicon-carbon anode product is attached hereto as Exhibit 14.  As shown by these claim charts, the Accused Products

17

infringe at least claim 1 of the '825 Patent.  Defendants also infringe at least dependent claim 19.  As shown in Exhibits 13 and 14, Defendants manufacture the Accused Products according to the method recited in claim 1 of the '825 Patent.  Accordingly, the Accused Products are "composite Si-C particle[s] produced in accordance with the method of claim 1," satisfying the limitations of claim 19 of the '825 Patent.  Thus, Defendants infringe at least claims 1 and 19 of the '825 Patent.

68.     As a direct and proximate result of Defendants' infringement of the '825 Patent, Plaintiffs have suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, in an amount to be determined at trial, recoverable under 35 U.S.C. § 284.  Plaintiffs have complied with the patent marking statute, 35 U.S.C. § 287(a), by identifying the '825 Patent on its Titan Silicon® packaging.

69.     Defendants have willfully infringed, and continue to willfully infringe, the '825 Patent since at least as early as April 5, 2026.  Despite knowing that their Accused Products infringe the Asserted Patents, Defendants continued their infringing conduct deliberately, wantonly, and egregiously, and with reckless disregard for Plaintiffs' patent rights. Plaintiffs therefore seek enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

70.     Plaintiffs have been irreparably harmed by Defendants' infringement of the '825 Patent.  Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '825 Patent, Plaintiffs will continue to be irreparably harmed and have no adequate remedy at law.

### COUNT III: INFRINGEMENT OF THE '215 PATENT

71.     Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

72.    Defendants have directly infringed and are continuing to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '215 Patent by importing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271(a).

73.    Defendants have infringed and continue to infringe the '215 Patent under 35 U.S.C. § 271(g) by importing into the United States, and/or offering to sell, selling, or using within the United States, products made by a process that practices one or more claims of the '215 Patent, either literally and/or under the doctrine of equivalents.  Defendants' Accused Products are not materially changed by subsequent processes and do not constitute trivial or nonessential components of another product.

74.    Defendants have indirectly infringed and are continuing to indirectly infringe one or more claims of the '215 Patent by inducing others to infringe the '215 Patent in violation of 35 U.S.C. § 271(b).  Defendants have had knowledge of the '215 Patent at least since April 5, 2026, and no later than the filing of this Complaint.  Given Defendants' discussions with Sila and knowledge of Sila's Asserted Patents, Defendants knew or should have known, or were willfully blind to the fact that Defendants and their customers were infringing the '215 Patent since at least on or around April 5, 2026, and no later than the filing of this Complaint.

75.    On information and belief, Defendants aid, instruct, support, market, and otherwise act with specific intent to cause an end user located in the United States (including in Texas and this District) to use the Accused Products in a manner that infringes one or more claims of the '215 Patent.  Further, Defendants design and manufacture the Accused Products with the specific intent for customers in the United States, including in Texas and this District, to use the Accused Products in a manner that infringes one or more claims of the '215 Patent.

76.    An exemplary claim chart comparing claims 1 and 14 of the '215 Patent to the Carbon One CI-SC(1800) silicon-carbon anode product is attached hereto as Exhibit 15, and an exemplary chart comparing claims 1 and 14 of the '215 Patent to the Carbon One CI-SC(2000) silicon-carbon anode product is attached hereto as Exhibit 16.  As shown by these claim charts, the Accused Products infringe at least claims 1 and 14 of the '215 Patent.

77.    As a direct and proximate result of Defendants' infringement of the '215 Patent, Sila has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, in an amount to be determined at trial, recoverable under 35 U.S.C. § 284.  Sila has complied with the patent marking statute, 35 U.S.C. § 287(a), by identifying the '215 Patent on its Titan Silicon® package labels.

78.    Defendants have willfully infringed, and continue to willfully infringe, the '215 Patent since at least as early as April 5, 2026.  Despite knowing that their Accused Products infringe the Asserted Patents, Defendants continued their infringing conduct deliberately, wantonly, and egregiously, and with reckless disregard for Sila's patent rights.  Sila therefore seeks enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

79.    Sila has been irreparably harmed by Defendants' infringement of the '215 Patent. Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '215 Patent, Sila will continue to be irreparably harmed and has no adequate remedy at law.

### COUNT IV: INFRINGEMENT OF THE '624 PATENT

80.    Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

81.    Defendants have directly infringed and are continuing to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '624 Patent by importing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271(a).

82.    Defendants have infringed and continue to infringe the '624 Patent under 35 U.S.C. § 271(g) by importing into the United States, and/or offering to sell, selling, or using within the United States, products made by a process that practices one or more claims of the '624 Patent, either literally and/or under the doctrine of equivalents.  Defendants' Accused Products are not materially changed by subsequent processes and do not constitute trivial or nonessential components of another product.

83.    Defendants have indirectly infringed and are continuing to indirectly infringe one or more claims of the '624 Patent by inducing others to infringe the '624 Patent in violation of 35 U.S.C. § 271(b).  Defendants have had knowledge of the '624 Patent at least since April 5, 2026, and no later than the filing of this Complaint.  Given Defendants' discussions with Sila and knowledge of Sila's Asserted Patents, Defendants knew or should have known, or were willfully blind to the fact that Defendants and their customers were infringing the '624 Patent since at least on or around April 5, 2026, and no later than the filing of this Complaint.

84.    On information and belief, Defendants aid, instruct, support, market, and otherwise act with specific intent to cause an end user located in the United States (including in Texas and this District) to use the Accused Products in a manner that infringes one or more claims of the '624 Patent.  Further, Defendants design and manufacture the Accused Products with the specific intent for customers in the United States, including in Texas and this District, to use the Accused Products in a manner that infringes one or more claims of the '624 Patent.

85.    An exemplary claim chart comparing claims 1 and 25 of the '624 Patent to the Carbon One CI-SC(1800) silicon-carbon anode product is attached hereto as Exhibit 17, and an exemplary chart comparing claims 1 and 25 of the '624 Patent to the Carbon One CI-SC(2000) silicon-carbon anode product is attached hereto as Exhibit 18.  As shown by these claim charts, the Accused Products infringe at least claims 1 and 25 of the '624 Patent.

86.    As a direct and proximate result of Defendants' infringement of the '624 Patent, Sila has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, in an amount to be determined at trial, recoverable under 35 U.S.C. § 284.  Sila has complied with the patent marking statute, 35 U.S.C. § 287(a) by identifying the '624 Patent on its Titan Silicon® packaging.

87.    Defendants have willfully infringed, and continue to willfully infringe, the '624 Patent since at least as early as April 5, 2026.  Despite knowing that their Accused Products infringe the Asserted Patents, Defendants continued their infringing conduct deliberately, wantonly, and egregiously, and with reckless disregard for Sila's patent rights.  Sila therefore seeks enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C.§ 285 because this case is exceptional.

88.    Sila has been irreparably harmed by Defendants' infringement of the '624 Patent. Unless an injunction is issued enjoining Defendants and their officers, agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '624 Patent, Sila will continue to be irreparably harmed and has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment in its favor and award the following relief against Defendants:

1.    Enter a judgment in favor of Plaintiffs that Defendants have infringed the '528 Patent, '825 Patent, '215 Patent, and '624 Patent;

2.    Preliminarily and permanently enjoin Defendants, and their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the '528 Patent, '825 Patent, '215 Patent, and '624 Patent;

3.    Award Plaintiffs damages adequate to compensate for infringement by Defendants, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of their infringement of the '528 Patent, '825 Patent, '215 Patent, and '624 Patent;

4.    Find Defendants' infringement willful and award enhanced damages pursuant to 35 U.S.C. § 284;

5.    Award Plaintiffs pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

6.    Find this to be an exceptional case and award Plaintiffs their costs and attorneys' fees under 35 U.S.C. § 285;

7.    Award Plaintiffs such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 18, 2026                    Respectfully submitted,

                                        */s/ Keith B. Davis*

                                        Keith B. Davis (State Bar No. 24037895)
                                        **JONES DAY**
                                        2727 N. Harwood St., Suite 500
                                        Dallas, TX 75201
                                        Telephone:  (214) 220-3939
                                        Email:  kbdavis@jonesday.com

                                        Vishal V. Khatri (Virginia Bar No. 75074)
                                        **JONES DAY**
                                        51 Louisiana Ave N.W.
                                        Washington, DC 20001
                                        Telephone: (202) 879-3939
                                        Email:  vkhatri@jonesday.com

                                        William E. Devitt (Illinois Bar No. 6229133)
                                        **JONES DAY**
                                        110 N. Wacker Drive, Suite 4800
                                        Chicago, IL  60606
                                        Telephone: (312) 782-3939
                                        Email:  wdevitt@jonesday.com

                                        Alexis A. Smith (California Bar No. 274429)
                                        **JONES DAY**
                                        555 South Flower St., Fiftieth Floor
                                        Los Angeles, CA 90071
                                        Telephone: (213) 489-3939
                                        Email:  asmith@jonesday.com

                                        *Counsel For Plaintiffs Sila Nanotechnologies,*
                                        *Inc. and Georgia Tech Research Corporation*

24